RULE 502.  INSTITUTING PROCEEDINGS IN COURT CASES.

Criminal proceedings in court cases shall be instituted by:

(1)  filing a written complaint; or

(2)  an arrest without a warrant:

> (a)  when the offense is a murder, felony, or misdemeanor committed in the presence of the police officer making the arrest; or

> (b)  upon probable cause when the offense is a felony or murder; or

> (c)  upon probable cause when the offense is a misdemeanor not committed in the presence of the police officer making the arrest, when such arrest without a warrant is specifically authorized by statute.

> COMMENT:  Criminal proceedings in court cases are instituted by 1) the filing of a complaint, followed by the issuance of a summons or arrest warrant; or by 2) a warrantless arrest, followed by the filing of a complaint. For the definition of "court case," see Rule 103.

> If the defendant is held for court, the attorney for the Commonwealth submits an information to the court (see Rule 560).  *See* Section 8931(d) of the Judicial Code, 42 Pa.C.S. § 8931(d).

> There are only a few exceptions to this rule regarding the instituting of criminal proceedings in court cases.  There are, for example, special proceedings involving a coroner or medical examiner.  *See Commonwealth v. Lopinson*, **[427 Pa. 552,]** 234 A.2d 552 (**Pa.** 1967), ***vacated on other grounds sub nom. Lopinson v. Penn.*, 392 U.S. 647 (1968),** and *Commonwealth v. Smouse*, **[406 Pa.Super. 369,]** 594 A.2d 666 (**Pa.Super.** 1991).

> ***See* Rules 556.11 and 556.13 for the procedures for the filing of a complaint following the issuance of an indictment.**

> Whenever a misdemeanor, felony, or murder is charged, even if the summary offense is also charged in the same complaint, the case should proceed as a court case under

Chapter 5.  *See Commonwealth v. Caufman*, **[541 Pa. 299,]** 662 A.2d 1050 (**Pa.** 1995), and *Commonwealth v. Campana*, **[455 Pa. 622,]** 304 A.2d 432 (**Pa.** 1973), vacated and remanded, 414 U.S. 808 (1973), on remand, **[454 Pa. 233,]** 314 A.2d 854 (**Pa.** 1974).  In judicial districts in which there is a traffic court established pursuant to 42 Pa.C.S. §§ 1301-1342, when a summary motor vehicle offense within the jurisdiction of the traffic court arises in the same criminal episode as another summary offense or a misdemeanor, felony, or murder offense, see 42 Pa.C.S. § 1302 and *Commonwealth v. Masterson,* **[275 Pa.Super. 166,]** 418 A.2d 664 (**Pa.Super.** 1980).

Paragraph (2)(c) is intended to acknowledge those specific instances wherein the General Assembly has provided by statute for arrest without a warrant for a misdemeanor not committed in the presence of the arresting officer.  It in no way attempts to modify the law of arrest where no specific statutory provision applies.

For institution of criminal proceedings in summary cases, see Rule 400.

NOTE:  Original Rule 102(1), (2), and (3), adopted June 30, 1964, effective January 1, 1965; suspended January 31, 1970, effective May 1, 1970.  New Rule 102 adopted January 31, 1970, effective May 1, 1970; renumbered Rule 101, and made applicable to court cases only, September 18, 1973, effective January 1, 1974; *Comment* revised February 15, 1974, effective immediately; amended June 30, 1975, effective September 1, 1975; *Comment* amended January 4, 1979, effective January 9, 1979; paragraph (1) amended October 22, 1981, effective January 1, 1982; *Comment* revised July 12, 1985, effective January 1, 1986; January 1, 1986 effective date extended to July 1, 1986; *Comment* revised January 31, 1991, effective July 1, 1991; *Comment* revised August 12, 1993, effective September 1, 1993; amended August 9, 1994, effective January 1, 1995; *Comment* revised January 16, 1996, effective immediately; renumbered Rule 502 and amended March 1, 2000, effective April 1, 2001; amended March 9, 2006, effective September 1, 2006; *Comment* revised September 21, 2012, effective

2

November 1, 2012**[.]** **; *Comment* revised November 27, 2018, effective March 1, 2019.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the January 31, 1991 amendments published at 20 <u>Pa.B.</u> 4788 (September 15, 1990);  <u>Supplemental</u> <u>Report</u> published at 21 <u>Pa.B.</u> 621 (February 16, 1991).*

*<u>Report</u> explaining the August 12, 1993 <u>Comment</u> revisions published at 22 <u>Pa.B.</u> 3826 (July 25, 1992).*

*<u>Report</u> explaining the August 9, 1994 amendments published at 22 <u>Pa.B.</u> 6 (January 4, 1993); <u>Final</u> <u>Report</u> published with the Court's Order at 24 <u>Pa.B.</u> 4342 (August 27, 1994).*

*<u>Report</u> explaining the January 16, 1996 <u>Comment</u> revisions published with the Court's Order at 26 <u>Pa.B.</u> 437 (February 3, 1996).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the March 9, 2006 changes to paragraphs (2)(a) and (b) and the first and third paragraphs of the <u>Comment</u> published with the Court's Order at 36 <u>Pa.B.</u> 1392 (March 25, 2006).*

*<u>Final</u> <u>Report</u> explaining the September 21, 2012 revising the second paragraph of the Comment to correct a typographical error published with the Court's Order at 42 <u>Pa.B.</u> 6247 (October 6, 2012).*

*<u>Final Report explaining the November 27, 2018 revision to the Comment regarding complaint procedures subsequent to indictment published with the Court's Order at 48 Pa.B.         (         , 2018).</u>*

RULE 513.  REQUIREMENTS FOR ISSUANCE; DISSEMINATION OF
               ARREST WARRANT INFORMATION.

(A)  For purposes of this rule, "arrest warrant information" is defined as the criminal complaint in cases in which an arrest warrant is issued, the arrest warrant, any affidavit(s) of probable cause, and documents or information related to the case.

(B)  ISSUANCE OF ARREST WARRANT

(1)  In the discretion of the issuing authority, advanced communication technology may be used to submit a complaint and affidavit(s) for an arrest warrant and to issue an arrest warrant.

(2)  No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology.  The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(3)  Immediately prior to submitting a complaint and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority in person, by telephone, or by any device which allows for simultaneous audio-visual communication.  During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant. In any telephonic communication, if the issuing authority has a concern regarding the identity of the affiant, the issuing authority may require the affiant to communicate by a device allowing for two-way simultaneous audio-visual communication or may require the affiant to appear in person.

(4)  At any hearing on a motion challenging an arrest warrant, no evidence shall be admissible to establish probable cause for the arrest warrant other than the affidavits provided for in paragraph (B)(2).

(C)  DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

The affiant or the attorney for the Commonwealth may request that the availability of the arrest warrant information for inspection and dissemination be delayed.  The arrest warrant affidavit shall include the facts and circumstances that are alleged to establish good cause for delay in inspection and dissemination.

(1)  Upon a finding of good cause, the issuing authority shall grant the request and order that the availability of the arrest warrant information for inspection and dissemination be delayed for a period of 72 hours or until receipt of notice by the

4

issuing authority that the warrant has been executed, whichever occurs first.  The 72-hour period of delay may be preceded by an initial delay period of not more than 24 hours, when additional time is required to complete the administrative processing of the arrest warrant information before the arrest warrant is issued.  The issuing authority shall complete the administrative processing of the arrest warrant information prior to the expiration of the initial 24-hour period.

(2) Upon the issuance of the warrant, the 72-hour period of delay provided in paragraph (C)(1) begins.

(3) In those counties in which the attorney for the Commonwealth requires that complaints and arrest warrant affidavits be approved prior to filing as provided in Rule 507, only the attorney for the Commonwealth may request a delay in the inspection and dissemination of the arrest warrant information.

COMMENT:  This rule was amended in 2013 to add provisions concerning the delay in inspection and dissemination of arrest warrant information.  Paragraph (A) provides a definition of the term "arrest warrant information" that is used throughout the rule.  Paragraph (B) retains the existing requirements for the issuance of arrest warrants.  Paragraph (C) establishes the procedures for a temporary delay in the inspection and dissemination of arrest warrant information prior to the execution of the warrant.

ISSUANCE OF ARREST WARRANTS

Paragraph (B)(1) recognizes that an issuing authority either may issue an arrest warrant using advanced communication technology or order that the law enforcement officer appear in person to apply for an arrest warrant.

This rule does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant.  All affidavits in support of an application for an arrest warrant must be sworn to before the issuing authority prior to the issuance of the warrant.  The language "sworn to before the issuing authority" contemplates, when advanced communication technology is used, that the affiant would not be in the physical presence of the issuing authority.  See paragraph (B)(3).

All affidavits and applications filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a "Confidential Information Form" or providing both a redacted and unredacted version of the filing. *See* Rule 113.1.

This rule carries over to the arrest warrant the requirement that the evidence presented to the issuing authority be reduced to writing and sworn to, and that only the writing is subsequently admissible to establish that there was probable cause. In these respects, the procedure is similar to that applicable to search warrants. *See* Rule 203. For a discussion of the requirement of probable cause for the issuance of an arrest warrant, see *Commonwealth v. Flowers*, 369 A.2d 362 (Pa. Super. 1976).

The affidavit requirements of this rule are not intended to apply when an arrest warrant is to be issued for noncompliance with a citation, with a summons, or with a court order.

An affiant seeking the issuance of an arrest warrant, when permitted by the issuing authority, may use advanced communication technology as defined in Rule 103.

When advanced communication technology is used, the issuing authority is required by this rule to (1) determine that the evidence contained in the affidavit(s) establishes probable cause, and (2) verify the identity of the affiant.

Verification methods include, but are not limited to, a "call back" system, in which the issuing authority would call the law enforcement agency or police department that the affiant indicates is the entity seeking the warrant; a "signature comparison" system whereby the issuing authority would keep a list of the signatures of the law enforcement officers whose departments have advanced communication technology systems in place, and compare the signature on the transmitted information with the signature on the list; or an

established password system.

Under Rule 540, the defendant receives a copy of the warrant and supporting affidavit at the time of the preliminary arraignment.

***See* Rule 556.11 for the procedures for the issuance of an arrest warrant by the supervising judge of an indicting grand jury following indictment of an individual not previously arrested.**

DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

Paragraph (C) was added in 2013 to address the potential dangers to law enforcement and the general public and the risk of flight when arrest warrant information is disseminated prior to the execution of the arrest warrant. The paragraph provides that the affiant or the attorney for the Commonwealth may request, for good cause shown, the delay in the inspection and dissemination of the arrest warrant information for 72 hours or until receipt of notice by the issuing authority that the warrant has been executed, whichever occurs first. Upon a finding of good cause, the issuing authority must delay the inspection and dissemination.

The request for delay in inspection and dissemination is intended to provide a very limited delay in public access to arrest warrant information in those cases in which there is concern that pre-execution disclosure of the existence of the arrest warrant will endanger those serving the warrant or will impel the subject of the warrant to flee. This request is intended to be an expedited procedure with the request submitted to an issuing authority.

A request for the delay in dissemination of arrest warrant information made in accordance with this rule is not subject to the requirements of Rule 576.

Once the issuing authority receives notice that the arrest warrant is executed, or when 72 hours have elapsed from the issuance of the warrant and the warrant has not been

executed, whichever occurs first, the information must be available for inspection or dissemination unless the information is sealed pursuant to Rule 513.1.

The provision in paragraph (C)(2) that provides up to 24 hours in the delay of dissemination and inspection prior to the issuance of the arrest warrant recognizes that, in some cases, there may be administrative processing of the arrest warrant request that results in a delay between when the request for the 72-hour period of delay permitted in paragraph (C)(1) is approved and when the warrant is issued. In no case may this additional period of delay exceed 24 hours and the issuing authority must issue the arrest warrant within the 24-hour period.

When determining whether good cause exists to delay inspection and dissemination of the arrest warrant information, the issuing authority must consider whether the presumption of openness is rebutted by other interests that include, but are not limited to, whether revealing the information would allow or enable flight or resistance, the need to protect the safety of police officers executing the warrant, the necessity of preserving the integrity of ongoing criminal investigations, and the availability of reasonable alternative means to protect the interest threatened by disclosure.

Nothing in this rule is intended to limit the dissemination of arrest warrant information to court personnel as needed to perform their duties. Nothing in this rule is intended to limit the dissemination of arrest warrant information to or by law enforcement as needed to perform their duties.

Pursuant to paragraph (C)(3), in those counties in which the district attorney's approval is required only for certain, specified offenses or grades of offenses, the approval of the district attorney is required for a request to delay inspection and dissemination only for cases involving those specified offenses.

NOTE: Rule 119 adopted April 26, 1979, effective as to arrest warrants issued on or after July 1, 1979; *Comment*

8

revised August 9, 1994, effective January 1, 1995; renumbered Rule 513 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002; amended December 23, 2013, effective March 1, 2014; amended November 9, 2017, effective January 1, 2018 ] ; Comment revised June 1, 2018, effective July 1, 2018. **[.]** **; *Comment* revised November 27, 2018, effective March 1, 2019.**

\*  \*  \*  \*  \*  \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the August 9, 1994 Comment revisions published at 22 Pa.B. 6 (January 4, 1992); Final Report published with the Court's Order at 24 Pa.B. 4342 (August 27, 1994).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 Pa.B. 2582 (May 25, 2002).*

*Final Report explaining the December 23, 2013 amendments providing procedures for delay in dissemination and sealing of arrest warrant information published with the Court's Order at 44 Pa.B. 239 (January 11, 2014).*

*Final Report explaining the November 9, 2017 amendments regarding electronic technology for swearing affidavits published with the Court's Order at 47 Pa.B. 7177 (November 25, 2017).*

*Comment revision regarding the Court's public access policy published with the Court's Order at 48 Pa.B. 3575 (June 16, 2018).*

*Final Report explaining the November 27, 2018 revision to the Comment cross-referencing post-indictment arrest warrant*

*__procedures in Rule 556.11 published with the Court's Order at 48 Pa.B.          (          , 2018).__*

RULE 516.  PROCEDURE IN COURT CASES WHEN WARRANT OF ARREST IS EXECUTED WITHIN JUDICIAL DISTRICT OF ISSUANCE.

(A)  When a defendant has been arrested in a court case, with a warrant, within the judicial district where the warrant of arrest was issued, the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.

(B)  When a preliminary arraignment is conducted using advanced communication technology pursuant to Rule 540(A), the defendant shall be taken to an advanced communication technology site that, in the judgment of the arresting officer, is most convenient to the place of arrest without regard to the boundary of any magisterial district or judicial district.

> COMMENT:  This rule was amended in 1983 to permit closed circuit television preliminary arraignment, to insure that the preliminary arraignment is not delayed and the defendant is not detained unduly because of the unavailability of a particular issuing authority (see Rule 132), to reflect that "judicial district" is the appropriate subdivision of the Commonwealth, and to make the wording of this rule consistent with related rules.  *See* Rules 431 and 517. These amendments are not intended to affect the responsibility of the police and issuing authorities to insure prompt preliminary arraignments.
>
> This rule is intended to permit the use of advanced communication technology (including two-way simultaneous audio-visual communication and closed circuit television) in preliminary arraignments.  *See* Rule 540 and *Comment* for the procedures governing the use of advanced communication technology in preliminary arraignments.
>
> This rule permits a defendant to be transported to an advanced communication technology site that is located outside the judicial district of arrest for preliminary arraignment.  The arresting officer should determine which site is the most convenient to the place of arrest without regard to the boundary of any magisterial district or judicial district.

**See Rule 556.13 for procedures following execution of an arrest warrant issued after indictment pursuant to Rule 556.11(E).**

NOTE:  Original Rule 116 adopted June 30, 1964, effective January 1, 1965; suspended January 31, 1970, effective May 1, 1970.  New Rule 116 adopted January 31, 1970, effective May 1, 1970; renumbered Rule 122 September 18, 1973, effective January 1, 1974; amended January 28, 1983, effective July 1, 1983; *Comment* revised July 12, 1985, effective January 1, 1986, effective date extended to July 1, 1986; renumbered Rule 123 and *Comment* revised August 9, 1994, effective January 1, 1995; renumbered Rule 516 and *Comment* revised March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002 **[.]** **;** ***Comment* revised November 27, 2018, effective March 1, 2019.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the August 9, 1994 Comment revisions published at 22 Pa.B. 6 (January 4, 1992); Final Report published with the Court's Order at 24 Pa.B. 4342 (August 27, 1994).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 Pa.B. 2582 (May 25, 2002).*

*Final Report explaining the November 27, 2018 revisions to the Comment regarding post-indictment arrest warrants published with the Court's Order at 48 Pa.B.        (        , 2018).*

RULE 517.   PROCEDURE IN COURT CASES WHEN WARRANT OF ARREST IS EXECUTED OUTSIDE JUDICIAL DISTRICT OF ISSUANCE

(A)  When a defendant has been arrested in a court case, with a warrant, outside the judicial district where the warrant of arrest was issued, the defendant shall be taken without unnecessary delay to the proper issuing authority in the judicial district of arrest for the purpose of posting bail, as permitted by law.

(B)  Such issuing authority shall advise the defendant of the right to post bail. If bail is posted, the defendant shall be admitted to bail, conditioned upon the defendant's appearance for the preliminary arraignment before the proper issuing authority in the judicial district where the warrant was issued, at a date certain not less than 5 nor more than 10 days thereafter.

(C)  When a defendant fails to post bail, the arresting person shall:

(1) return the defendant to the judicial district where the warrant was issued, without unnecessary delay, for preliminary arraignment by the proper issuing authority; or

(2) lodge the defendant in a suitable place of detention in the judicial district of arrest, and forthwith notify the proper issuing authority in the judicial district where the warrant was issued of the defendant's detention, and the place of such detention. Upon receipt of this notice, the issuing authority shall, without unnecessary delay, cause the defendant to be brought to the judicial district where the warrant was issued for preliminary arraignment by the proper issuing authority.

(D)  When a defendant has been held for 48 hours or more without preliminary arraignment, in a place of detention outside the judicial district where the warrant was issued, because of the inability to post bail, the defendant shall be discharged from custody upon application of any interested person to a judge of a court of the judicial district of detention; provided that, upon cause shown the judge may grant one or more extensions of the defendant's detention to an early date, fixed in the order, but if the defendant remains in custody and has not been removed to the judicial district where the warrant was issued at the end of the extended detention period, the defendant shall be discharged from custody.

(E)  When a defendant who has posted bail and been released from custody before preliminary arraignment thereafter fails to appear at the time fixed, the proper issuing authority in the judicial district where the warrant was issued shall forthwith cause the bail to be forfeited according to law, and issue a bench warrant. If the defendant is thereafter arrested outside the judicial district where the bench warrant was issued, the

13

defendant shall not be entitled to post bail in the judicial district where arrested, but shall be taken as soon as practicable to the judicial district where the bench warrant was issued for preliminary arraignment by the proper issuing authority.

(F)  When, upon application of any interested person, it is shown to the satisfaction of a judge of a court in the judicial district where the warrant of arrest was issued, that the defendant was returned to that judicial district without being given the opportunity to post bail, as provided in paragraphs (A) and (B), and that had such opportunity been given, the defendant would have been able to post such bail, the judge shall have the discretion to:

>    (1) discharge the defendant from custody; or

>    (2) release the defendant on bail, conditioned upon the defendant's appearance at the preliminary hearing; and

>    (3) forfeit all costs, including mileage and transportation charges, of the arresting and transporting person, in order that such costs and charges shall not be taxed in the case.

(G)  All recognizances accepted under this rule shall forthwith be transmitted to the proper issuing authority in the judicial district where the warrant was issued.

>    COMMENT: Nothing in this rule prevents a defendant from consenting to dispense with the procedures in paragraph (A) if the defendant is afforded a preliminary arraignment without unnecessary delay in the judicial district where the warrant was issued.
>
>    *See* Rule 518 for using advanced communication technology following execution of arrest warrant outside the judicial district of issuance.
>
>    For preliminary hearing procedures, see Rules 540 and 541.
>
>    Section 8953 of the Judicial Code, 42 Pa.C.S. § 8953, provides for the execution of warrants of arrest beyond the territorial limits of the police officer's primary jurisdiction. *See also Commonwealth v. Mason*, **[507 Pa. 396,]** 490 A.2d 421 (**Pa.** 1985).

Paragraph (E) originally used the term "alias warrant" to describe the type of warrant issued when a defendant is arrested outside the judicial district of issuance, is released on bond by a magisterial district judge in the judicial district of arrest conditioned on the defendant's appearance at a preliminary arraignment in the judicial district of issuance, and then fails to appear.  Because the term "alias warrant" is an archaic term that refers to the reissuance of a warrant when the original purpose of the warrant has not been achieved, and the warrant issued in paragraph (E) is issued for the failure to appear as contemplated by Rule 536(A)(1)(b), paragraph (E) was amended in 2005 by changing the terminology  to "bench warrant."

**For purposes of this rule, if a defendant is arrested pursuant to an arrest warrant issued following indictment pursuant to Rule 556.11(E), the issuing authority in the county of issuance is the supervising judge of the grand jury in that county or the president judge's designee. *See* Rule 556.13.**

NOTE:  Original Rule 117 adopted June 30, 1964, effective January 1, 1965; suspended January 31, 1970, effective May 1, 1970.  New Rule 117 adopted January 31, 1970, effective May 1, 1970;  renumbered Rule 123 September 18, 1973, effective January 1, 1974;  amended January 28, 1983, effective July 1, 1983;  renumbered Rule 124 and amended August 9, 1994, effective January 1, 1995;  amended December 27, 1994, effective April 1, 1995;  renumbered Rule 517 and amended March 1, 2000, effective April 1, 2001;  *Comment* revised May 10, 2002, effective September 1, 2002; amended October 19, 2005, effective February 1, 2006 **[.]** **; *Comment* revised November 27, 2018, effective March 1, 2019.**

*      *      *      *      *      *

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the August 9, 1994 amendments published at 22 Pa.B. 6 (January 4, 1992); Final Report published with the Court's Order at 24 Pa.B. 4342 (August 27, 1994).*

*Report explaining the December 27, 1994 amendments published at 24 Pa.B. 1673 (April 2, 1994); Final Report published with the Court's Order at 25 Pa.B. 142 (January 14, 1995).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the May 10, 2002 Comment revision concerning advanced communication technology published with the Court's Order at 32 Pa.B. 2582 (May 25, 2002).*

*Final Report explaining the October 19, 2005 amendments to paragraph (E) changing "alias warrant" to "bench warrant" published with the Court's Order at 35 Pa.B. 6089 (November 5, 2005).*

*Final Report explaining the November 27, 2018 revisions to the Comment regarding post-indictment arrest warrants published with the Court's Order at 48 Pa.B.        (        , 2018).*

RULE 518.  USING ADVANCED COMMUNICATION TECHNOLOGY IN COURT CASES WHEN WARRANT OF ARREST IS EXECUTED OUTSIDE JUDICIAL DISTRICT OF ISSUANCE.

(A)  When a defendant has been arrested in a court case, with a warrant, outside the judicial district where the warrant of arrest was issued, the defendant may be taken for a preliminary arraignment or the posting of bail to an advanced communication technology site that, in the judgment of the arresting officer, is most convenient to the place of arrest without regard to the boundary of any magisterial district or judicial district; and

(1)  the defendant must be taken to the advanced communication technology site without unnecessary delay.

(2)  The preliminary arraignment may be conducted pursuant to Rule 540 by the proper issuing authority in the magisterial district or judicial district in which the warrant was issued; or

(3)  the defendant may post bail as permitted by law with the proper issuing authority in the judicial district in which the defendant was arrested.

(B)  If a preliminary arraignment is conducted pursuant to paragraph (A)(2), and the defendant does not post bail, the issuing authority who conducted the preliminary arraignment shall commit the defendant to the jail in the judicial district in which the defendant was arrested or the judicial district in which the warrant was issued.

(1)  The issuing authority may transmit to the jail any required documents by using advanced communication technology.

(2)  When a monetary condition of bail is set by the issuing authority who conducted the preliminary arraignment, the payment of the monetary condition shall be made to either the issuing authority who imposed the monetary condition or the proper issuing authority in the judicial district in which the defendant was arrested.

(C)  Pursuant to paragraph (A)(3), when the defendant appears via advanced communication technology before the proper issuing authority in the judicial district in which the defendant was arrested, the procedures set forth in Rule 517 shall be followed.

COMMENT:  This rule sets forth the procedures for using advanced communication technology when a defendant is arrested with a warrant outside the judicial district in which it was issued:  when advanced communication technology is available, the defendant could be preliminarily arraigned by the issuing authority who issued the warrant, or the "on-duty" issuing authority in that judicial district, or "appear" via advanced communication technology before the proper issuing authority for the purpose of posting bail.

*See* Rule 130 concerning *venue*.

*See* Rule 132 concerning the continuous availability and temporary assignment of issuing authorities.

When advanced communication technology is available only in the judicial district of arrest, the case would proceed under paragraph (A)(3), unless the defendant consents to dispense with the procedures in paragraph (A)(3), and the defendant is afforded a preliminary arraignment without unnecessary delay in the judicial district in which the warrant was issued.

*See* Rule 540 and *Comment* for the procedures governing the use in preliminary arraignments of two-way simultaneous audio-visual communication, which is a form of advanced communication technology.

This rule permits a defendant to be transported to an advanced communication technology site that is located outside the judicial district of arrest.  The arresting officer should determine which site is the most convenient to the place of arrest without regard to the boundary of any magisterial district or judicial district.

**For purposes of this rule, if a defendant is arrested pursuant to an arrest warrant issued following indictment pursuant to Rule 556.11(E), the issuing authority in the county of issuance is the supervising judge of the grand jury in that county or the president judge's designee. *See* Rule 556.13.**

NOTE: New Rule 518 adopted May 10, 2002, effective September 1, 2002 **[.] ; *Comment* revised November 27, 2018, effective March 1, 2019.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the May 10, 2002 adoption of new Rule 518 published with the Court's Order at 32 Pa.B. 2582 (May 25, 2002).*

*Final Report explaining the November 27, 2018 revisions to the Comment regarding post-indictment arrest warrants published with the Court's Order at 48 Pa.B.        (        , 2018).*

RULE 556.11.  PROCEEDINGS WHEN CASE PRESENTED TO GRAND JURY.

(A)  A grand jury has the authority to:

(1)  inquire into violations of criminal law through subpoenaing witnesses and documents; and

(2)  based upon evidence it has received, including hearsay evidence as permitted by law, or upon a presentment issued by an investigating grand jury, if the grand jury finds the evidence establishes a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it, indict defendant for an offense under the criminal laws of the Commonwealth of Pennsylvania; or

**(3)  based upon evidence it has received, including hearsay evidence as permitted by law, or upon a presentment issued by an investigating grand jury, if the grand jury finds the evidence establishes a *prima facie* case that (1) an offense has been committed and (2) the person other than the defendant in the matter originally presented to the indicting grand jury has committed it, indict the individual for an offense under the criminal laws of the Commonwealth of Pennsylvania, but only if the offense arises from the same criminal conduct or episode that gave rise to the original referral to the indicting grand jury; or**

**[(3)] (4)** decline to indict.

(B)  After a grand jury has considered the evidence presented, the grand jury shall vote whether to indict the defendant **or the person other than the defendant who has been identified as having committed an offense as provided in paragraph (A)(3).** The affirmative vote of at least 12 grand jurors is required to indict.

(C)  In cases in which the grand jury votes to indict, an indictment shall be prepared setting forth the offenses on which the grand jury has voted to indict.  The indictment shall be signed by the grand jury foreperson, or deputy foreperson if the foreperson is unavailable, and returned to the supervising judge.

(D)  Upon receipt of the indictment, the supervising judge shall:

(1)  provide a copy of the indictment to the Commonwealth authorizing the attorney to prepare an information pursuant to Rule 560; and

(2)  forward the indictment to the clerk of courts**[, or issue an arrest warrant, if the subject of the indictment has not been arrested on the charges contained in the indictment]**.

**(E)  If the subject of the indictment has not been arrested on the charges**

20

**contained in the indictment, upon receipt of a copy of the indictment, the attorney for the Commonwealth shall file a complaint with the clerk of courts of the judicial district in which the indicting grand jury sits, and shall request the supervising judge issue an arrest warrant.**

> **(1) The indictment shall be used in lieu of the affidavit of probable cause.**

> **(2) The supervising judge shall issue an arrest warrant.**

**[(E)] (F)** At the request of the attorney for the Commonwealth, the supervising judge shall order the indictment to be sealed.

**[(F)] (G)** In cases in which the grand jury does not vote to indict, the foreperson promptly and in writing shall so report to the supervising judge who immediately shall dismiss the complaint and shall notify the clerk of courts of the dismissal.

> COMMENT: Nothing in this rule is intended to preclude the investigating grand jury, when sitting as an indicting grand jury and as part of its determination of whether to indict, from considering evidence already presented to it during an investigation.
>
> When the grand jury votes to indict the defendant, the vote to indict is the functional equivalent of holding the defendant for court following a preliminary hearing. In these cases, the matter will proceed in the same manner as when the defendant is held for court following a preliminary hearing. *See, e.g.,* Rules 547 and 560.
>
> The indictment required by paragraph (C) no longer serves the traditional function of an indictment, but rather serves as an instrument authorizing the attorney for the Commonwealth to file an information. *See* Rule 103.
>
> Concerning hearsay evidence before the indicting grand jury, see *Commonwealth v. Dessus,* **[423 Pa. 177,]** 224 A.2d 188 (**Pa.** 1966).
>
> **This rule was amended in 2018 to clarify that a person who has not been previously charged may be indicted. A case must be properly before the grand jury as provided in Rule 556.2. If during the course of that grand jury proceeding, it is determined that a *prima facie* case exists that an offense has been committed by an individual who is not the defendant in the case that**

**was originally presented to the indicting grand jury, that individual may be indicted. However, the offense for which this new defendant has been indicted must be related to the same criminal conduct or episode that originally resulted in the case being referred to the indicting grand jury. Thereafter, the attorney for the Commonwealth must file a complaint and a request that an arrest warrant be issued as provided in paragraph (E). The filing of this complaint marks the beginning of the time period for speedy trial under Rule 600. *See* Rule 556.13 for the procedures following the execution of an arrest warrant issued following indictment.**

In cases in which the grand jury has declined to indict and the complaint has been dismissed, the attorney for the Commonwealth may reinstitute the charges as provided in Rule 544.

NOTE: New Rule 556.11 adopted June 21, 2012, effective in 180 days **[.] ; amended November 27, 2018, effective March 1, 2019.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the new rule published with the Court's Order at 42 Pa.B. 4140 (July 7, 2012).*

*Final Report explaining the November 27, 2018 amendment regarding the issuance of indictment of non-defendants published with the Court's Order at 48 Pa.B.      (   , 2018).*

(This is entirely new rule.)

## RULE 556.13.  PROCEDURES FOLLOWING EXECUTION OF WARRANT OF ARREST ISSUED FOLLOWING INDICTMENT.

(A)  When a defendant has been arrested within the judicial district where the warrant of arrest has been issued by the supervising judge of an indicting grand jury following the receipt of the indictment as provided in Rule 556.11(E), the defendant shall be afforded a preliminary arraignment by the supervising judge or another judge designated by the president judge without unnecessary delay.

(B) When a defendant has been arrested outside of the judicial district where the warrant of arrest has been issued by the supervising judge of an indicting grand jury following the receipt of the indictment as provided in Rule 556.11(E), the case shall proceed as provided in Rules 517 and 518 and this rule.

(C) Following the preliminary arraignment provided pursuant to paragraph (A) and (B), the case shall proceed in the court of common pleas pursuant to Rules 560 and 571.

COMMENT:  This rule provides the procedures following the arrest of a defendant pursuant to a warrant issued by the supervising judge of an indicting grand jury.  The defendant must be provided a preliminary arraignment in a timely manner following arrest.  Because a case that had been submitted to the indicting grand jury is transferred to the court of common pleas, the preliminary arraignment must be held before the supervising judge or another judge of the common pleas designated by the president judge.

An indictment by a grand jury is a *prima facie* determination made in lieu of a preliminary hearing in cases where witness intimidation has occurred, is occurring, or will occur. Therefore, following indictment, the case is in the same status as a case that has been held for court.  The next steps following the preliminary arraignment in these situations would be the filing of the criminal information as provided in Rule 560 and the arraignment as provided in Rule 571.

NOTE:  New Rule 556.13 adopted November 27, 2018, effective March 1, 2019.

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

***<u>Final Report explaining new Rule 556.13 providing procedures
following the execution of arrest warrants issued by the
supervising judge of an investigating grand jury published with the
Court's Order at 48 Pa.B.        (        , 2018).</u>***